## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SUZANNE CHAIN,                 ) | |
|                                ) | |
|     Plaintiff,       ) | |
|                                ) | |
| v.                             ) | Case No. 1:23-cv-366-CWB |
|                                ) | |
| MARTIN O'MALLEY,[1]            ) | |
| Commissioner of Social Security,) | |
|                                ) | |
|     Defendant.       ) | |

### MEMORANDUM OPINION AND ORDER

**I.     Introduction and Administrative Proceedings**

Suzanne Chain ("Plaintiff") filed an application for Disability Insurance Benefits under Title II of the Social Security Act on October 14, 2021—alleging disability onset as of July 26, 2013—due to severe back pain, carpal tunnel syndrome, trigger finger, pain in legs, and diabetes.  (Tr. 17, 65-66, 75, 185).[2]  The claim was denied at the initial level on December 27, 2021 and again after reconsideration on April 22, 2022.  (Tr. 17, 65, 79, 89).  Plaintiff then requested *de novo* review by an administrative law judge ("ALJ").  (Tr. 17, 94).  The ALJ heard the case on October 3, 2022, at which time testimony was given by Plaintiff (Tr. 17, 29, 34-59) and by a vocational expert (Tr. 59-61).[3]  The ALJ took the matter under advisement and issued a written decision on February 1, 2023 that found Plaintiff not disabled. (Tr. 17-24).

---

[1]  Martin O'Malley became Commissioner for the Social Security Administration on December 20, 2023 and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]  References to pages in the transcript are denoted by the abbreviation "Tr."

[3]  During the telephonic hearing, connection to the vocational expert's telephone was interrupted and the ALJ was unable to reconnect with the vocational expert.  (Tr. 61).  As a result, the ALJ informed Plaintiff that interrogatories would be sent for the VE to complete.  (Tr. 61-63).

The ALJ's written decision contained the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2018.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 26, 2013 through her date last insured of December 31, 2018 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: spine disorder, carpal tunnel syndrome, trigger fingers, and obesity (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). She can frequently climb ramps/stairs; never climb ladders/ropes/scaffolds; and frequently balance, stoop, kneel, crouch, and crawl. She can frequently reach, handle, finger, and use hand controls bilaterally. She would need a brief postural adjustment every thirty minutes for one to two minutes where she would go from sitting to standing or standing to sitting, but she would not be off task.

6. The vocational expert classified the claimant's past relevant work as that of a customer service representative (DOT# 274.357-038) (light/skilled/SVP 5). The claimant testified that she did this type of work for 14 years, and earnings records showed that she worked at the substantial gainful activity level (Ex. 10D). She testified that [she] assisted customers, answered phone[s], took order[s], and only had to lift 10 pounds at her past job. At the hearing, the vocational expert testified that through the date last insured, the claimant would have been capable of performing her past relevant work as that of a customer service representative (DOT# 274.357-038) (light/semi-skilled/SVP 5). The vocational expert testified that this work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The undersigned finds that the claimant can return to her past relevant work. Accordingly, the claimant was not under a disability, as defined in the Social Security Act, at any time from July 26, 2013, the alleged onset date, through December 31, 2018, the date last insured (20 CFR 404.1520(f)).

(Tr. 19, 20, 23-24). On April 18, 2023, the Appeals Council denied Plaintiff's request for review (Tr. 1-5), thereby rendering the ALJ's decision the final decision of the Commissioner. *See, e.g., Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Plaintiff now asks the court to remand the case for a new hearing and further consideration. (Doc. 10 at p. 15). As contemplated by 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the exercise of full jurisdiction by a United States Magistrate Judge (Docs. 16 & 17), and the undersigned finds that the case is ripe for review pursuant to 42 U.S.C. § 405(g). Specifically, the court construes Plaintiff's supporting brief (Doc. 10) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 18) as a competing motion for summary judgment. Upon consideration of the parties' submissions, the relevant law, and the record as a whole, the court concludes that Plaintiff's motion for summary judgment is due to be granted, that the Commissioner's motion for summary judgment is due to be denied, and that the final decision is due to be reversed and remanded.

## II.  Standard of Review and Regulatory Framework

The court's review of the Commissioner's decision is a limited one. Assuming the proper legal standards were applied by the ALJ, the court is required to treat the ALJ's findings of fact as conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.") (citations omitted). The court thus may reverse the ALJ's decision only if it is convinced that the

decision was not supported by substantial evidence or that the proper legal standards were not applied.  *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  Reversal is not warranted simply because the court itself would have reached a contrary result.  *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  Despite the deferential nature of its review, however, the court must look beyond those parts of the record that support the decision, must view the record in its entirety, and must take account of evidence that detracts from the evidence relied on in the decision.  *See Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986); *see also Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish entitlement for a period of disability, a person must be unable to:

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[4]  To make such a determination, the ALJ employs a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520 & 416.920.

(1) Is the person presently unemployed?

(2) Is the person's impairment severe?

(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

---

[4]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[5]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of a qualifying disability once he or she has carried the burden of proof from step one through step four. *Id*. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

In order to assess the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do so, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40. The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor

---

[5] Although *McDaniel* is a Supplemental Security Income case, the same sequence applies to claims for Disability Insurance Benefits brought under Title II. Cases arising under Title XVI therefore are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

can independently limit the number of jobs realistically available to an individual, and combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. at 1240.

## III.  Issues on Appeal

Plaintiff raises three issues on appeal: (1) whether the ALJ erred in finding that she could perform past relevant work; (2) whether the ALJ properly considered the opinion evidence under 20 C.F.R. § 404.1520c; and (3) whether the ALJ's RFC determination was supported by substantial evidence. (Doc. 10 at p. 1).

## IV.  Discussion

### A.  Return to Past Relevant Work

Plaintiff argues that the ALJ committed reversible error by failing to provide any rationale for accepting the testimony of the VE who answered interrogatories as opposed to accepting the testimony of the VE who appeared at the hearing. (Doc. 10 at pp. 7-9). In response, the Commissioner contends that Plaintiff's failure to object or raise the argument before the ALJ forecloses her ability to raise the issue on appeal. (Doc. 18 at p. 4). The Commissioner further asserts that given Plaintiff's RFC, the demands of her past relevant work, the VE's responses to the interrogatories, and Plaintiff's failure to challenge the responses, the ALJ's determination that she could perform past relevant work as a customer service representative was supported by substantial evidence. (*Id*.). Additionally, the Commissioner contends that although Plaintiff now argues that her past relevant work should have been classified as a sales representative for dental prosthetics instead of as a customer service representative, Plaintiff has not tied any prejudice to the alleged error because she has not alleged that she would be unable to perform the occupation of sales representative for dental prosthetics with the limitations the ALJ assessed

6

in the RFC.  (*Id*. at pp. 4-5, n.5).

At step four of the sequential evaluation process, the ALJ will consider a claimant's RFC and the claimant's past relevant work to determine whether the claimant "can still engage in the kind of gainful employment that [the claimant] has undertaken in the past." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018); 20 C.F.R. § 404.1520(a)(4)(iv).  "At step four, the claimant carries a heavy burden of showing that his impairment prevents him from performing his past relevant work." *Id*.  "The claimant bears the burden of showing that he cannot perform his past work as he actually performed it and as it is generally performed in the national economy." *Simpson v. Com'r of Soc. Sec.*, 423 F. App'x 882, 884 (11th Cir. 2011) (citing SSR 82-61, 1982 WL 31387 at *1-2 (S.S.A. Jan. 1, 1982) and *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) ("[I]t is the claimant's burden to demonstrate not only that she can no longer perform her past relevant work as she actually performed it, but also that she can no longer perform this work as it is performed in the general economy."); *Cantu v. Comm'r of Soc. Sec.*, No. 2:19-CV-832, 2021 WL 960686 at *4 (M.D. Fla. Mar. 15, 2021).  Thus, "[i]f the ALJ finds that the claimant cannot perform the functional demands and duties of her past job as she actually performed it, he will consider whether the claimant can perform the functional demands and duties of the occupation as generally required by employers throughout the national economy." *Scharber v. Comm'r of Soc. Sec.*, 411 F. App'x 281, 282 (11th Cir. 2011).

In considering whether a claimant can return to past relevant work, "[t]he ALJ must take all the duties of a claimant's past work into consideration and evaluate whether the claimant can still perform them in spite of the severe impairment or combination of impairments." *McCormick v. Soc. Sec. Admin., Com'r*, 619 F. App'x 855, 858 (11th Cir. 2015); *Lucas v. Sullivan*,

918 F.2d 1567, 1574 n.3 (11th Cir. 1990).  In support of a claim, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."  SSR 82-62, 1982 WL 31386 at *3 (S.S.A. Jan. 1, 1982); *Cantu*, 2021 WL 960686 at *4.  Also, "[t]he ALJ may rely on information contained in the Dictionary of Occupational Titles (DOT) to determine whether a claimant can perform his past relevant work."  *Rivera-Cruzada v. Comm'r of Soc. Sec.*, 741 F. App'x 737, 739 (11th Cir. 2018).  As Social Security Ruling 00-4p explains, the SSA "rel[ies] primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy.  [The SSA] use[s] these publications at steps 4 and 5 of the sequential evaluation process."  SSR 00-4P, 2000 WL 1898704 at *2 (S.S.A. Dec. 4, 2000).  "Similarly, [20 C.F.R. § 404.1566(d)] explicitly names the DOT as one of the main sources of jobs data the SSA relies on, and provides that ALJs 'will take administrative notice of reliable job information available' in the DOT.  This subsection places the DOT first in its list of reliable government sources.  What's more, other SSA Rulings describe the DOT as 'authoritative.'  Plainly the DOT is integral to disability hearings."  *Washington*, 906 F.3d at 1364-65 (citations omitted).

"The ALJ may also rely on the testimony of a VE, 'an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments.'"  *Rivera-Cruzada*, 741 F. App'x at 739 (citation omitted); SSR 00-4P, 2000 WL 1898704 at *2; 20 C.F.R. § 404.1560(b)(2) ("We will ask you for information about work you have done in the past. We may also ask other people who know about your work. ... We may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to

8

help us determine whether you can do your past relevant work, given your residual functional capacity."). However, "[g]enerally, vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work." *Hernandez v. Comm'r of Soc. Sec.*, 433 F. App'x 821, 823 (11th Cir. 2011) (citing *Lucas*, 918 F.2d at 1573 n.2); *Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 918 (11th Cir. 2019) ("The testimony of a vocational expert is only required to determine whether the claimant's RFC permits her to do other work after she has met her initial burden of showing that she cannot do past work.").

In her disability report, Plaintiff listed her past relevant work as a customer service representative for a manufacturing company. (Tr. 190). Plaintiff described her job duties as answering telephone calls and assisting customers with questions about products and services. (Tr. 191). Plaintiff indicated that she mostly sat and that she had to lift no more than ten pounds. (Tr. 191). At the hearing, Plaintiff clarified that she did not work at a manufacturing company but that she worked at a dental implant company, Nobel Biocare, where she took orders for implants and answered calls and questions about dental implants. (Tr. 35-36). The ALJ also obtained testimony from VE Stephen Davis via telephone at the hearing. (Tr. 59-61). Davis testified that he listened to Plaintiff's testimony but was unable to review Plaintiff's file due to computer difficulties. (Tr. 60). Davis classified Plaintiff's past relevant work as a customer order clerk, DICOT 249.362-026, 1991 WL 672320.[6] (Tr. 60). Davis stated that

---

[6] The DOT describes the position of a customer order clerk, in part, as follows:
> Processes orders for material or merchandise received by mail, telephone, or personally from customer or company employee, manually or using computer or calculating machine: Edits orders received for price and nomenclature. Informs customer of unit prices, shipping date, anticipated delays, and any additional information needed by customer, using mail or telephone. Writes or types order form, or enters data into computer, to determine total cost for customer. Records or files copy of orders received according to expected delivery date.

DICOT 249.362-026, 1991 WL 672320 (4th ed., rev'd 1991).

9

the position was semiskilled with a specific vocational preparation 4 and that it was performed at the sedentary level. (Tr. 60). The ALJ then asked Davis whether a hypothetical individual of Plaintiff's age and education with the past work described and the following RFC could perform her past work: she could perform a range of light work; she could frequently climb ramps/stairs; she could never climb ladders/ropes/scaffolds; she could frequently balance, stoop, kneel, crouch, and crawl; and she could frequently reach, handle, finger, and use hand controls bilaterally. (Tr. 60-61). Davis answered that Plaintiff could work as a customer order clerk, both as per the DOT and as she had actually performed such work. (Tr. 61). The ALJ was unable to further question Davis because Davis experienced connectivity issues with his phone and was disconnected while testifying. (Tr. 61). As a result, the ALJ informed Plaintiff that additional VE testimony would be conducted through interrogatories. (Tr. 61-62).

After the hearing, the ALJ sent written interrogatories to a second VE, Barry Murphy. (Tr. 249-66). The ALJ instructed Murphy to login to a secure link in order "to view the relevant exhibits which are shown in the exhibit list tab" and to complete the interrogatories based on the evidence provided, as well as his professional knowledge. (Tr. 249).[7] Murphy classified Plaintiff's past relevant work as a customer service representative, DICOT 274.357-038, 1991 WL 672483. (Tr. 259). Murphy indicated that the position was light, skilled work with an SVP 5. (Tr. 259). The DOT describes the position, in part, as follows:

> Sells industrial machinery, such as metalworking, woodworking, food processing, and plastic fabricating machines, utilizing knowledge of manufacture, operation, and uses of machinery: Computes cost of installing machinery and anticipated savings in production costs. Reviews existing plant machinery layout and draws diagrams of proposed machinery layout to effect more efficient space utilization, using standard measuring devices and templates. Arranges for installation of machinery.

---

[7] The court is unclear which exhibits were included in the exhibit list tab, including whether the transcript of the hearing was included.

DICOT 274.357-038, 1991 WL 672483 (4th ed., rev'd 1991).

      The ALJ then asked Murphy whether a hypothetical individual of Plaintiff's age and education with the past work described and the following RFC could perform her past work: she could perform light work as defined in 20 CFR 404.1567(b); she could frequently climb ramps and stairs; she could never climb ladders, ropes, or scaffolds; she could frequently balance, stoop, kneel, crouch and crawl; she could frequently reach, handle, finger, and use hand controls bilaterally; and she would need a brief postural adjustment every thirty minutes for one to two minutes where she would go from sitting to standing or standing to sitting, but would not be off task. (Tr. 260). Murphy answered that Plaintiff could perform her past work because it was light and would allow for the position change as detailed in the hypothetical. (Tr. 260). Murphy noted that there were no conflicts between his testimony and the DOT. (Tr. 261).

      When the ALJ entered Murphy's testimony into the record, the ALJ notified Plaintiff of her right to submit written comments concerning the evidence, a written statement as to the facts and law that she believed applied to the case in light of that evidence, and any additional records she wished for the ALJ to consider. (Tr. 267). The ALJ also informed Plaintiff that she could submit written questions to Murphy or request a supplemental hearing. (Tr. 267). The ALJ warned Plaintiff that if she did not submit a response within ten days, then the ALJ would assume that she did not wish to submit any written statements or records. (Tr. 268). In response, Plaintiff submitted certain comments that stated, in relevant part, as follows:

> Ms. Chain has testified to having significant problems with sitting, standing, and walking as well as problems using hands on more than an occasional basis. Further, the claimant testified to medical problems that would cause her to be off task more than 25% of the day and would cause her to unexpectedly miss more than 2 days each month. Based upon the response by the vocational expert, claimant would be preclude[d] [from] all sustained employment.

(Tr. 272).

In determining that Plaintiff could perform her past relevant work, the ALJ noted that "[t]he vocational expert classified the claimant's past relevant work as that of a customer service representative (DOT# 274.357-038) (light/skilled/SVP 5)." (Tr. 23). Notably, the ALJ stated:

> <u>At the hearing</u>, the vocational expert testified that through the date last insured, the claimant would have been capable of performing her past relevant work as that of a customer service representative (DOT# 274.357-038) (light/semi-skilled/SVP 5). The vocational expert testified that this work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(Tr. 24) (emphasis added). However, VE Murphy did not testify at the hearing but instead classified Plaintiff's past relevant work as a customer service representative through responses to interrogatories <u>after the hearing</u>. The classification of Plaintiff's job as a customer service representative with the DOT code 274.357-038 implies that Murphy made his determination based solely upon Plaintiff's disability report, in which she listed her past relevant work as a customer service representative for a manufacturing company. (Tr. 190). At the hearing, Plaintiff testified that she did not actually work at a manufacturing company but at a dental implant company where she took orders for implants and answered telephone calls and questions about dental implants. (Tr. 35-36).[8] As a result of that testimony—not her disability report—VE Davis classified Plaintiff's past relevant work as a customer order clerk with the DOT code 249.362-026.

---

[8] For the first time on appeal, Plaintiff asserts that an alternative position may better describe her past relevant work, citing the position of sales representative, dental prosthetics, DICOT 276.257-010, 1991 WL 672509. (Doc. 10 at p. 8). The DOT describes that position as follows:
> Sells medical and dental equipment and supplies, except drugs and medicines, to doctors, dentists, hospitals, medical schools, and retail establishments: Studies data describing new products to develop sales approach. Compiles data on equipment and supplies preferred by customers. Advises customers of equipment for given need based on technical knowledge of products. Provides customers with advice in such areas as office layout, legal and insurance regulations, cost analysis, and collection methods to develop goodwill and promote sales.

DICOT 276.257-010, 1991 WL 672509 (4th ed., rev'd 1991).

12

(Tr. 60).

Here, the ALJ conflated the two job classifications, treating them as identical when they were different:

> <u>After the hearing</u>, and due to the vocational expert being disconnected at the hearing, vocational expert interrogatories were sent to another vocational expert (Barry Murphy). He <u>also</u> opined that the claimant could return to her past relevant work as that of a customer service representative (DOT# 274.357-038) (light/semi-skilled/SVP 5) as her past work was light and would allow for the position change as detailed in the hypothetical.

(Tr. 24) (emphasis added). The ALJ did not explain the inconsistencies in Davis's and Murphy's classifications of Plaintiff's past relevant work. To the contrary, the ALJ described Murphy's opinion as being consistent with Davis's opinion, incorrectly stating that Murphy <u>also</u> found that Plaintiff could return to her past relevant work <u>as a customer service representative</u> (DOT 274.357-038) when in fact Davis had found that Plaintiff could return to her past relevant work <u>as a customer order clerk</u> (DOT 249.362-026).

Moreover, the ALJ's use of Davis's determination that Plaintiff could return to her past relevant work to bolster Murphy's opinion was in error given that Davis's opinion was based upon an incomplete hypothetical. The hypothetical question posed to Davis did not include all the limitations contained in the RFC; specifically, the ALJ did not include the RFC's limitation that Plaintiff "would need a brief postural adjustment every thirty minutes for one to two minutes where she would go from sitting to standing or standing to sitting, but she would not be off task." (Tr. 20, 60-61). "'In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)); *Strother v. Saul*, No. 8:19-CV-1365, 2020 WL 5640772 at *5 (M.D. Fla. Sept. 22, 2020) ("When the ALJ utilizes the testimony of a VE, the ALJ

13

must pose a hypothetical question which comprises all the claimant's impairments for a VE's testimony to constitute substantial evidence."); *McDaniel v. Kijakazi*, No. 22-CV-21201, 2023 WL 5510277 at *18 (S.D. Fla. Aug. 10, 2023), *report and recommendation adopted*, No. 1:22-CV-21201, 2023 WL 5507774 (S.D. Fla. Aug. 25, 2023) (where the ALJ failed to include certain limitations resulting from the claimant's severe impairments, the court found that the hypothetical posed at the third hearing was inadequate and that the ALJ could not properly rely upon the VE's testimony based on that hypothetical). The reliance on Davis's opinion as a source of corroborative evidence therefore undermines the ALJ's determination at step four in the sequential evaluation process.[9]

With respect to the Commissioner's contention that because Plaintiff did not object at the hearing to the classification of her past relevant work she cannot do so now, "[t]he [c]ourt is aware, that, in general, a claimant's failure to object to a VE's description of her past relevant work at the hearing level forecloses the claimant's ability to raise the issue for the first time on appeal." *Fonseca v. O'Malley*, No. 8:22-CV-2200, 2024 WL 982107 at *4 (M.D. Fla. Mar. 7, 2024); *Brock v. Comm'r of Soc. Sec.*, No. 2:22-CV-368, 2023 WL 3815229 at *4 (M.D. Fla. June 5, 2023) (finding that the plaintiff had effectively waived her argument by failing to challenge the VE's alleged misclassification of her past relevant work); *New v. Comm'r of Soc. Sec.*, No. 5:12-CV-211, 2013 WL 3804846 at *3 (M.D. Fla. July 8, 2013) ("[T]he Commissioner correctly notes that the Plaintiff did not raise this issue to the ALJ, nor did her attorney object to the VE's testimony

---

[9] The court notes that an ALJ is not required to use vocational expert testimony to determine past work. *Hernandez*, 433 F. App'x at 823; *Coley*, 771 F. App'x at 918. Nonetheless, the ALJ here did so and intricately relied on the VEs' testimonies as bases for determining that Plaintiff could perform her past relevant work. *See Fonseca v. O'Malley*, No. 8:22-CV-2200, 2024 WL 982107 at *4-5 (M.D. Fla. Mar. 7, 2024) (finding that where the ALJ relied on testimony from two VEs, the ALJ had a duty to resolve conflicts in evidence); *Strother*, 2020 WL 5640772 at *5.

identifying Plaintiff's prior work as a housekeeper as past relevant work. Unfortunately for Plaintiff, because she failed to raise this issue to the ALJ or even object to the VE's testimony, the ALJ was not obligated to specifically address the concerns—or rather, arguments—that Plaintiff now raises."); *McDaniel v. Kijakazi*, No. 22-CV-21201, 2023 WL 5510277 at *14 (S.D. Fla. Aug. 10, 2023), *report and recommendation adopted sub nom. McDaniel v. Kijakazi*, No. 1:22-CV-21201, 2023 WL 5507774 (S.D. Fla. Aug. 25, 2023) (noting that several courts have found that a claimant's failure to object or raise an argument before an ALJ relative to her past relevant work forecloses the claimant's ability to raise the issue for the first time on appeal; because the plaintiff "did not challenge the VE's classification of her past relevant work as file supervisor, the ALJ did not err in classifying her past work as such"); *Schmidt v. Comm'r of Soc. Sec.*, No. 2:17-cv-333, 2018 WL 3805863 at *6 (M.D. Fla. Aug. 10, 2018) (holding the ALJ did not err in defining the claimant's past relevant work as including the position of accounting clerk where the claimant did not object to the VE's testimony that her past relevant work included that job); *Adams v. O'Malley*, No. 3:22-CV-478, 2024 WL 1181452 at *6 (M.D. Ala. Mar. 19, 2024) ("[Plaintiff's] failure to object or raise an argument before the ALJ concerning the VE's testimony that her past relevant work should be classified as a DOT directory assistance operator forecloses her from raising this issue now.").[10]  Here, however, "the issue is not that the ALJ misclassified

---

[10]  Plaintiff argues that under *Sims v. Apfel*, 530 U.S. 103 (2000), issues in Social Security cases do not have to be raised administratively to be preserved for judicial review.  (Doc. 19 at pp. 2-3).  "*Sims* concerned only whether a claimant must present all relevant issues *to the Appeals Council* to preserve them for judicial review; the Court specifically noted that '[w]hether a claimant must exhaust issues before the ALJ is not before us.'"  *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (emphasis in original) (quoting *Sims*, 530 U.S. at 107).  "Since *Sims*, several circuits have held a claimant must raise an issue at some point in the administrative proceedings to preserve the issue for review in federal court."  *Celeste S. v. Saul*, No. 1:18-CV-5869, 2020 WL 13540305 at *6 (N.D. Ga. Mar. 30, 2020) (citing *Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001),  *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003), *Shaibi*, 883 F.3d at 1109, and *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012)); *Gunter v. Kijakazi*, No. CV 20-00154,

Plaintiff's past relevant work, but that the ALJ failed to resolve the inconsistencies between the two VEs' testimony." *Fonseca*, 2024 WL 982107 at *4.

The ALJ's decision reads as if the two VEs testified to the same findings based upon the same evidence. Yet a review of the record reflects that there is conflicting information regarding Plaintiff's past relevant work, that the VEs' classifications each appear to have been based upon different evidence, and that Davis's opinion was not based upon substantial evidence because the hypothetical question did not include all the limitations in Plaintiff's RFC. Due to the various inconsistencies and inaccuracies, the court is unable to conduct meaningful judicial review of the ALJ's conclusion that Plaintiff remains able to perform her past relevant work, *i.e.*, the court cannot determine whether the ALJ's conclusion is supported by substantial evidence. Accordingly, the court must reverse and remand to the Commissioner with instructions to clarify the ALJ's conclusion regarding Plaintiff's ability to perform past relevant work. *See Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("The Secretary's failure

---

2021 WL 4338952 at *5 (S.D. Ala. Sept. 23, 2021) ("'In this Circuit, the general rule is that "[a]n argument not raised in an administrative hearing cannot be raised on appeal."'") (quoting *Whisenant v. Astrue*, No. 8:09-cv-931, 2010 WL 2034698 at *5 (M.D. Fla. Apr. 27, 2010) (quoting *Alacare Home Health Servs., Inc. v. Sullivan*, 891 F.2d 850, 855 n.5 (11th Cir. 1990), *abrogated on other grounds by Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145 (2013))); *Magnotti v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00760, 2021 WL 4025959 at *2 (D. Ariz. Sept. 3, 2021) ("Many courts have held that a failure to challenge a VE's characterization of past relevant work during the administrative process precludes a plaintiff from challenging that characterization on appeal."); *cf. Carr v. Saul*, 593 U.S. 83, 92-93 & n.5 (2021) (where the Supreme Court held that SSA claimants were not required to raise an Appointments Clause claim at the administrative level to preserve it for review in court, the Court explained that two considerations tipped the scales against imposing the issue-exhaustion requirement on claimants' Appointments Clause claims: (1) "agency adjudications are generally ill suited to address structural constitutional challenges, which usually fall outside the adjudicators' areas of technical expertise"; and (2) the Court had "consistently recognized a futility exception to exhaustion requirements" where adjudicators "are powerless to grant the relief requested," but noting that "[o]utside the context of Appointments Clause challenges, such as in the sphere of routine objections to individual benefits determinations, the scales might tip differently.").

to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.").

### B.     Remaining Issues

Plaintiff contends that certain evidence from Alexandra Duke, D.O. and Raed Ali, M.D. constituted medical opinions that the ALJ failed to address pursuant to 20 C.F.R. § 404.1520c. (Doc. 10 at pp. 9-10).  Plaintiff also contends that the RFC was not supported by substantial evidence because the ALJ's decision contained several misrepresentations of evidence that tainted the analysis.  (*Id*. at pp. 10-15).

Because this case is being remanded for other reasons, the court need not decide Plaintiff's additional arguments.  *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1323 n.10 (11th Cir. 2015) (explaining that "[b]ecause this case must be remanded for consideration of the new evidence, [the court] need not address" the plaintiff's additional arguments in support of his appeal); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (finding that, where remand was required, it was unnecessary to review other issues raised) (citations omitted); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issue when the case was reversed due to other dispositive errors); *Pelham v. Astrue*, No. 5:11-CV-01354, 2012 WL 4479287 at *9 (N.D. Ala. Sept. 21, 2012) ("Because the first issue on appeal is meritorious, the court does not need to address any further issues."); *Devron M. v. Comm'r, Soc. Sec. Admin.*, No. 2:20-CV-291, 2022 WL 16752083 at *4 (N.D. Ga. Aug. 22, 2022); *Dease v. Kijakazi*, No. 2:20-CV-394, 2022 WL 428173 at *7 n.5 (M.D. Ala. Feb. 11, 2022) ("Because remand is required, the Court pretermits review of the other issues Plaintiff raised."); *Cantu*, 2021 WL 960686 at *7 ("Based on the conclusion above, which warrants remand, the Court need not address the remaining issues Plaintiff raises.").  On remand, the Commissioner should

reassess the entire record, providing sufficient reasons and readily identifiable evidentiary support for the decision. *Nichols v. Kijakazi*, No. 2:20-CV-1053, 2023 WL 3138938 at *18 (M.D. Ala. Apr. 7, 2023), *report and recommendation adopted*, No. 2:20-CV-1053, 2023 WL 3137973 (M.D. Ala. Apr. 27, 2023) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (holding that, on remand, the ALJ must reassess the entire record)); *Amerson v. Saul*, No. 8:19-CV-682, 2020 WL 13594933 at *5 (M.D. Fla. Sept. 23, 2020).[11]

## V. Conclusion

After carefully and independently reviewing the record, and for the reasons stated above, the court concludes as follows:

- that Plaintiff's motion for summary judgment (Doc. 10) is due to be **GRANTED**;

- that the Commissioner's motion for summary judgment (Doc. 18) is due to be **DENIED**; and

- that the Commissioner's decision is due to be **REVERSED and REMANDED** with instructions for additional proceedings consistent with this opinion, including rehearing if necessary.

A separate judgment will issue.

**DONE** this the 2nd day of April 2024.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[11] The court emphasizes that its decision does not preclude a finding that Plaintiff can perform her past relevant work or otherwise compel a finding of disability. The ALJ indeed may once again reach the same conclusion after a proper reevaluation.